SELDEN BACON *vs.* CHARLES G. RUPERT.

December 18, 1888.

**Principal and Agent—Proof of Agency and Services.**—In this action the trial court found—*First*, that plaintiff had been employed by defendant to render for him certain services, at an agreed compensation; and, *secondly*, that plaintiff had failed to prove that he had rendered such services. *Held*, that the first finding was fully justified by the testimony, but that the court erred in its second finding, that plaintiff's testimony failed to show performance on his part.

Action in the municipal court of Minneapolis, to recover for services in procuring for defendant a loan on certain real property. Defence a denial that defendant on his own behalf employed plaintiff, or that plaintiff procured a lender, and an allegation that in employing plaintiff he acted and was known by plaintiff to be acting, as agent for a third person, the owner of the real estate, who was financially irresponsible, and whose note and mortgage the plaintiff refused to accept as security unless supplemented by the note of defendant. The action was tried by the court without a jury, and judgment ordered for defendant. The plaintiff appeals from an order refusing a new trial.

*George McNeir*, for appellant.

*Cobb & Wheelwright*, for respondent.

COLLINS, J. 1. The testimony in this case fully justified the court below in its finding to the effect that plaintiff was employed by defendant to secure for him a loan of a certain sum of money for a specified rate of interest and term of years, to be secured by a mortgage on real estate then designated by defendant, for which services he agreed to pay plaintiff a stipulated compensation. The defendant personally, as clearly shown by the testimony, employed plaintiff to obtain the loan for him, not for another. In attempting to negotiate, the plaintiff would naturally and properly take into consideration the character and financial standing of the applicant, undertaking the task more cheerfully, and perhaps for less compensation, if acting in behalf of a person thoroughly upright and responsible. In fact, many men engaged in the business of negotiating loans might positively refuse to secure one for an irresponsible person. If defendant was, as he claimed upon the trial, employing plaintiff in behalf of another, he should have disclosed the fact at the outset. He should not have permitted plaintiff to labor under a misapprehension as to the real borrower, to have supposed him to possess some pecuniary ability, when in truth, as conceded on the trial, the person who owned the property proposed as security, and for whom defendant now asserts he was acting, was without financial responsibility.

2. The court below erred in concluding that the testimony failed

to show performance by plaintiff. The fact that he negotiated for and secured the loan required by defendant could be established by parol, as between these parties, for the manner or methods adopted by plaintiff to secure the money are of no consequence to defendant. He is only interested in the result of plaintiff's endeavors, not in the way that result is brought about. The plaintiff testified unequivocally that he had secured the money. He also stated that he notified defendant of his readiness and ability to complete the loan, and, after some delay and conversation, was informed that the latter did not want it. . To be sure, the plaintiff, upon his direct examination, unnecessarily went into the details, stating about his correspondence and other efforts in regard to the loan, finally introducing in evidence, subject to objection, press copies of his letters to a relative, and an original telegram in response. The court finally rejected the copies as not the best evidence, but plaintiff's testimony, independent of the correspondence by mail, clearly shows that he was in position to close the loan. It might have been corroborated by the introduction of the original letters, or it might have been weakened or destroyed by cross-examination, or it might have been contradicted; but this was not attempted, nor, aside from the argument, of which we have no knowledge, was there any attempt to impair the force of plaintiff's positive testimony that he had secured the desired loan, which was supplemented by the telegram from the person who proposed to furnish the money. Evidently that was not the main issue upon the trial.

Order reversed.